UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1/28/2022
```

------------------------------------ x
:
UNITED STATES OF AMERICA           :
                                    :   CONSENT PRELIMINARY ORDER
            - v. -                  :   OF FORFEITURE AS TO SPECIFIC
                                    :   PROPERTY/
LaCHANCE BROWN-DAY,                 :   MONEY JUDGMENT
                                    :
            Defendant.              :   18 Cr. 646 (ER)
                                    :
------------------------------------ x

WHEREAS, on or about September 7, 2018, LaCHANCE BROWN-DAY (the "Defendant"), was charged in an Information, 18 Cr. 646 (ER) (the "Information"), with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Counts One and Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Four); destruction, alteration, or falsification of records in a federal investigation, in violation of Title 18, United States Code, Section 1519 (Count Five);

WHEREAS, the Information included a forfeiture allegation as to Counts One through Three of the Information;

WHEREAS, on or about January 23, 2018, at the time of the Defendant's arrest, in Atlanta, Georgia, the Government seized:

    a. $1,320 in United States currency from the Defendant; and

    b. $3,501.19 in United States currency from the Defendant's vehicle;

(a. and b., collectively, the "Seized Currency");

WHEREAS, on or about September 7, 2018, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government, wherein

the Defendant admitted the forfeiture allegation with respect to Counts One through Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment, pursuant to Title 18, United States Code, Sections 982(a)(1) and (2), in the amount of $6,585,821.48 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, and property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant further consents, pursuant to Title 18, United States Code, Sections 982(a)(1) and (2), to the forfeiture of all her right, title and interest in $27,352.16 in United States currency formerly on deposit in Citibank Account number 4978233932 held in the name of Devo Cane Inc. (together with the Seized Currency, the "Specific Property"), which constitutes proceeds of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and the property involved in the offense charged in Count Three of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Juliana N. Murray of counsel, and the Defendant, and her counsel, Lisa Scolari, Esq., that:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $6,585,821.48 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, LaCHANCE BROWN-DAY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Department of Treasury is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          12/1/2021
    JULIANA N. MURRAY                       DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2314

LaCHANCE BROWN-DAY

By: _____          1/27/22
    LaCHANCE BROWN-DAY                      DATE
    [signed: LISA SCOLARI, ESQ. for LaCHANCE BROWN-DAY]

By: _____          1/27/22
    LISA SCOLARI, ESQ.                      DATE
    Attorney for Defendant
    20 Vesey Street, Suite 400
    New York, New York 10007

SO ORDERED:

_____              1/27/2022
HONORABLE EDGARDO RAMOS                    DATE
UNITED STATES DISTRICT JUDGE